873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Veldon BAKER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-2579.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 22, 1989.
Decided: April 10, 1989.
 
 Joseph E. Wolfe, Wolfe & Farmer, on brief, for appellant.
 George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; Barbara J. Johnson, Counsel for Appellate Litigation; Marta Kusic, U.S. Department of Labor, Office of the Solicitor, on brief, for appellee.
 Before MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.*
 PER CURIAM:
 
 
 1
 On August 29, 1977, Veldon Baker filed a claim with the Department of Labor for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. The Department of Labor awarded Baker benefits for total disability due to pneumoconiosis. The Department determined that Baker's eligibility became effective on August 1, 1977. Baker's request to have the eligibility date changed to January 1, 1974, was denied. The matter was referred to an administrative law judge ("ALJ"), who found himself unable to establish the month of onset of total disability and, therefore, decided that Baker became eligible for payments on August 1, 1977, August being the month during which the claim was filed. See 20 C.F.R. Sec. 725.503(b). Baker had earlier sought black lung benefits by a claim filed May 30, 1970. A decision of the United States District Court for the Western District of Virginia of October 21, 1974 affirming the denial of benefits has become final since Baker took no further action with respect to the claim.
 
 
 2
 To support a claim of total disability from January 1, 1974 through 1977, Baker submits a chest x-ray of June 25, 1970, which was interpreted negative for pneumoconiosis. Three other x-rays interpreted as positive for pneumoconiosis were dated November 28, 1977 or later. As for pulmonary function studies, the first ones of August 28, 1972 and October 13, 1972 produced qualifying results but were discredited in one case because of unreliability due to Baker's poor effort and comprehension and for the other because the Social Security Administration had invalidated it in the earlier proceeding. The third produced an "essentially normal" result. Subsequent pulmonary studies are all dated in 1977 or later.
 
 
 3
 The record also contains a March 2, 1973 doctor's report assessing the severity of Baker's respiratory impairment and the extent to which it would prevent him from performing his coal mine employment. The doctor opined "Certainly not total. Probably minimal." A second doctor's report of January 7, 1981 provided an opinion "that the radiographic evidence of pneumoconiosis [shown in his x-ray of 1979] was probably present on or before 1974." That doctor, however, did not address the disability or impairment aspect of such pneumoconiosis as was present.
 
 
 4
 The Benefits Review Board affirmed the ALJ's decision. Although the Board concluded that the ALJ mistakenly failed to credit one of the 1972 pulmonary function studies, it found that error to be harmless because the study was insufficient "to establish onset because it fails to indicate that claimant's disability was due to pneumoconiosis."
 
 
 5
 The record supports the Administrative Law Judge's finding of insufficient evidence in the record to establish the date of total disability due to pneumoconiosis. Consequently, the awarding of benefits beginning August 1, 1977 was supported by substantial evidence and should not be disturbed. The decision of the Benefits Review Board is
 
 
 6
 AFFIRMED.
 
 
 
 *
 Judge Winter did not participate in decision